NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY EALY III; et al., | No. 22-35962 |
| Plaintiffs-Appellants, | D.C. No. 3:22-cv-00356-HZ |
| v. | |
| ROBERT REDFIELD, former Director of the US Center for Disease Control, in his individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted December 5, 2023[**]
Portland, Oregon

Before: NGUYEN and MILLER, Circuit Judges, and MONTALVO,[***] District Judge.

Plaintiffs-Appellants Dr. Henry Ealy III and Oregon State Senators Dennis

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Frank Montalvo, United States District Judge for the Western District of Texas, sitting by designation.

Linthicum and Kim Thatcher appeal the district court's dismissal of their case for lack of Article III standing.

We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's decision regarding standing de novo." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 902 (9th Cir. 2002). We affirm.

Appellants sought prosecution of Robert Redfield, Rochelle Walensky, Alex Azar, Xavier Becerra, and Brian Moyer for, allegedly, committing fraud against the nation by failing to ensure the accuracy of collected COVID-19 data, and/or manipulating the data between 2020 and 2022. Appellants collected evidence that they believe illustrates this alleged fraud and sent it to every United States Attorney. All declined to prosecute or present the gathered evidence to a grand jury. Appellants then decided to petition the district court to impanel a special grand jury or allow them to show their evidence to an already impaneled grand jury.

1. As a preliminary matter, Appellants argue for the first time in their reply brief that because a grand jury is not an adversarial proceeding, they need not satisfy the requirements of Article III standing. Because they did not raise this argument before the district court, nor in their opening brief, it is forfeited. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("[We] will not ordinarily consider matters on appeal that are not specifically and distinctly argued

in appellant's opening brief.").

2. To have Article III standing, plaintiffs must show, (1) they have suffered an injury in fact—an invasion of a legally protected interest which is both concrete and particularized, (2) which is fairly traceable to the challenged action of the defendant, and (3) likely to be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). If the party seeking federal redress fails to establish these elements, then an Article III court is without jurisdiction to hear the matter. *See id*.

Appellants contend they have a legally protected interest to impanel and present their evidence before a grand jury. Assuming, *arguendo*, the validity of these legal interests, Appellants' interests are not "sufficiently concrete" as to satisfy standing. To be "concrete," an injury must be "de facto" that is, it must actually exist. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Put another way, there must be a tangible or intangible harm that a plaintiff personally suffered. "[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009).

This concept is illustrated in *Robins*, where Spokeo, Inc. violated the Fair Credit Reporting Act by posting incorrect information about Robins; however, violation of the statute alone was not enough. In order to establish a "concrete"

injury in fact, Robins had to show how the incorrect information *actually* harmed him. *See Robins*, 578 U.S. at 342–43. Conversely, in *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998), a "concrete" injury in fact existed because the plaintiffs were denied the ability to obtain information. Thus, the infringement of the plaintiffs' rights resulted in the denial of a tangible benefit (the information).

Here, Appellants failed to show how they were personally harmed by the district court's dismissal of their petition. The denial of their supposed right to a grand jury, without more, is insufficient to create an injury in fact. At most, Appellants may have been denied the "right to be heard" by a grand jury. However, a right to due process, including the right to be heard, "does not exist in the absence of some 'underlying substantive interest' that 'rises to the level of a legitimate claim of entitlement.'" *Johnson v. Ryan*, 55 F.4th 1167, 1192 (9th Cir. 2022) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 757 (2005)). As Appellants concede, they do not have an underlying interest, for Article III purposes, in the prosecution of defendants. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Appellants also have a redressability problem. Even assuming a sufficient injury in fact, the district court cannot facilitate the relief that Appellants seek. The statute that Appellants rely upon states, "[a]ny such *attorney* receiving information

4

. . . from any other person . . . shall, if requested by such other person, inform the grand jury." 18 U.S.C. § 3332(a) (emphasis added). Only a U.S. Attorney or assistant attorney can conceivably supply the relief sought. Appellants "did not seek . . . to compel a prosecutor to present evidence to a grand jury."

Because Appellants cannot establish a cognizable interest, let alone an injury in fact, that the courts can redress, they do not establish Article III standing.

3. Lastly, Appellants argued before the district court that the Petition Clause of the First Amendment gives them standing. However, in their opening brief, Appellants merely state, "[a]s Petitioners have shown, they have a judicially cognizable interest in having their allegations presented to a grand jury." Therefore, they effectively conceded that their Petition Clause argument is derivative of their other arguments for Article III standing. Because Appellants have not established Article III standing, their Petition Clause argument is foreclosed.

**AFFIRMED.**